## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF FLORIDA

## WEST PALM BEACH DIVISION

CASE NO:_____

| | | |
|---|---|---|
| WING KEI HO, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiff | ) | FILED BY _ul_ ___ D.C. |
| | ) | |
| vs. | ) | SEP 1 0 2024 |
| | ) | ANGELA E. NOBLE |
| NORTHLAND LUGANO LLC, | ) | CLERK U.S. DIST. CT. S.D. OF FLA. – W.P.B. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR CONVERSION AND CIVIL THEFT

I, WING KEI HO, Plaintiff, in the above styled cause, sue Defendant, NORTH-

LAND LUGANO LLC, a Foreign Limited Liability Company.

This action is filed under:

28 U.S.C. 1332 DIVERSITY OF CITIZENSHIP

§772.11, Florida Statute CIVIL THEFT

CONVERSION

Dated: September 9, 2024

Respectfully submitted,

Wing Ho

9174 Chianti Court,

Boynton Beach, FL 33472

Telephone: (561)229–6877

WH561@YAHOO.COM

(1) COMES NOW Plaintiff, WING K. HO, as individual Pro Se, files this action against Defendants, NORTHLAND LUGANO LLC, and in furtherance thereof, states as follows:

## INTRODUCTION

(2) This is an action to recover the real estate property at 100 Via Lugano Circle unit 203, Boynton Beach, Florida 33436, Palm Beach County and 100 Via Lugano Circle garage C, Boynton Beach, Florida 33436, Palm Beach County that NORTHLAND LUGANO LLC stole from WING HO by using property title fraud scheme. After 100 Via Lugano Circle unit 203 and garage C was stolen from Wing Ho, Northland Lugano LLC rents out the property for over $2,200 per month for NORTHLAND LUGANO LLC's benefits. Northland Lugano LLC deprived Plaintiff, Wing Ho's benefit of rental income and/or enjoyment of his real estate property. WING HO seeks to recover the real estate property and all stolen misappropriated benefit of real estate property provides, and seeks treble damages plus interest, court costs, and attorney fees from NORTHLAND LUGANO LLC.

## BASIS FOR JURISDICTION Fed.R.C.P. Rule 22

(3) Subject matter jurisdiction: A dispute between citizens of different states with an amount in controversy that is more than $75,000. A federal law under U.S.C. 1702(d). A right in the United States Constitution was violated.

(4) The Diversity of Citizenship 28 U.S.C § 1332 and 42 U.S.C. § 1982sx: WING HO is a full-time Florida resident.  NORTHLAND LUGANO LLC is a Delaware Company and doing business in Florida as apartment rental.

## THE PARTIES TO THIS COMPLAINT

(5) Plaintiff: WING K. HO is a long time Florida homestead resident; WING HO is Su juris.  Palm Beach County Public Records Chain of Title shows Wing Ho the owner of 100 Via Lugano Circle Unit 203, Boynton Beach, FL 33436.  Palm Beach County.

(6) NORTHLAND LUGANO LLC is forming a corporation in Delaware in October 5, 2005.

## GENERAL ALLEGATIONS

(7) I, Plaintiff, Wing Kei Ho, pro se file this complaint against Northland Lugano LLC (Northland) for stealing my property at 100 Via Lugano Circle, unit 203, Boynton Beach, Florida 33436 and 100 Via Lugano garage C, and ask this Court to return my property stolen by Northland and award me damages and court costs against Northland.

(8) This case is of significant public importance.

(9) This case is first of its kind case.

(10)   Tarragon Lugano LLC is Northland Lugano LLC since 2006.  (Exhibit A: Tarragon Lugano LLC & Northland Lugano LLC in Sunbiz.org)

(11)   Tarragon Lugano LLC was the entity used for the condo conversion of Via Lugano Condominium in 2006.

(12)　On 12/29/2006. Chain of title show I purchased 100 Via Lugano Circle, Unit 203, Boynton Beach, Florida 33436 and 100 Via Lugano garage C. (Exhibit B: Copy of Palm Beach County public records to show that I am the owner)

(13)　The Via Lugano Condominium was purchased under fee simple interest. (Exhibit C: Declaration of Via Lugano Condominium to show fee simple interest purchase)

(14)　Chain of Title shows in CFN 20060716095 BK 21252 PG 0278 price paid: $209,000, mortgage amount $167,920 on CFN 20060716096 BK 21252, PG 0279. (Exhibit D: Property title deed) (Exhibit E: Mortgage)

(15)　I own the 100 Via Lugano Circle, Unit 203, Boynton Beach, Florida 33436 and 100 Via Lugano Circle garage C and I did not sell the subject real estate property. (Exhibit F: Chain of property title)

(16)　On or about 5/3/2005 Via Lugano Condominium Association, Inc filed in Sunbiz.org as a legal entity.

### Homeowners' 2014 Lawsuit Against Northland

(17)　On or about 5/21/2014 Via Lugano Condo Termination Trustee LLC filed in Sunbiz.org as a legal entity.

(18)　On or about 6/11/2014, 18 Via Lugano Condominium members filed lawsuit in 15th Judicial Circuit Court for Palm Beach County, case number 50-2014-CA-007038-MB and case style: Gibilisco, Puala et. al v. Northland Lugano LLC.to stop the termination of Via Lugano Condominium without 100% percent Via

Lugano Condominium members approval for termination and demand for Constitutional Challenge.

(19)   The homeowners in Gibilisco v. Northland Lugano LLC pointed out in their complaint that they were threatened, intimidated, and harassed to force to sell their condominium to Northland Lugano LLC at a much lower price than what they paid for. (Exhibit G: Copy of statement about threat, intimidation and harassment from lawsuit, ¶31-33)

(20)   Florida law requires Northland to pay the original purchase price or market value whichever is the higher.  (§718, Fla. Stat.)

(21)   The homeowners in Gibilisco were threatened by Northland that if they don't sell to Northland Lugano LLC then they will not receive anything for their property and they will be evicted from their property.  (Exhibit G: Copy of statement about threat, intimidation and harassment from lawsuit, ¶31-33)

(22)   Most of the property owners are elderly.

(23)   My wife, Karen Ho (Karen) and I received the same threat that if we did not sell our property to Northland Lugano LLC, we would not receive any money for our property and we will be evicted from our property.

(24)   Karen, co-owner of the subject property, is a Florida Licensed Community Association Manger and Florida Licensed Real Estate Broker. (Exhibit H: DBPR licenses for Karen)

(25)   Karen said that we don't need to join filing the Gibilisco v. Northland Lugano LLC complaint because the termination of Via Lugano Condominium is

restricted by 100% approval from the Via Lugano Condominium members. (Exhibit I: Copy of condo document to show 100% approval requirement)

(26)  Via Lugano Condominium was not and is not a distressed property.

(27)  Via Lugano Condominium has fully funded reserve.

(28)  On average Northland Lugano LLC rent out their condominium units for more than $1800 per month.

(29)  On average Northland Lugano LLC rent out their garage for more than $200 per month.

(30)  I love 100 Via Lugano Circle Unit 203 and our garage C, I don't intend to sell my property.

(31)  Life, Liberty and Property rights are protected by U.S. Constitution and Florida Constitution, Florida Statute 712 and Florida Statute 718.

(32)  Northland Lugano LLC sell high and buy low using another entity's name.

(33)  The purpose is to deceive owners to sell at lower price than their purchase price.

(34)  On 7/10/2014 Northland Lugano LLC withdrew the termination of Via Lugano Condominium and promise in affidavit that Northland Lugano Condominium will not seek termination of condominium. (Exhibit J: Thompson and Blair affidavits on termination withdrawal)

(35)  On or about 7/30/2014 Via Lugano Condo Termination Trustee LLC withdrew from Sunbiz.org as a legal entity.

(36)   Northland Lugano LLC filed affidavit that Northland Lugano LLC will not seek termination of Via Lugano Condominium Association Inc. so Honorable Judge Lisa Small would not rule for the case 502014CA007039 to seek injunction against Northland Lugano LLC's termination of Via Lugano Condominium without 100% of membership approval.

(37)   On or about 5/25/2016 Judge Lisa Small cannot make any ruling on constitutional challenge because Northland Lugano LLC withdrew Via Lugano Condo Termination Trustee LLC and withdrew Via Lugano Condominium plan of termination of Via Lugano Condominium Association.

<u>Northland Push For Another Illegal Termination in 2019</u>

(38)   Wing Ho did not approve the Via Lugano Condominium Association termination.

(39)   Termination of Via Lugano Condominium Association LLC does not affect 100 Via Lugano Circle Unit 203, Boynton Beach, FL  33436 property title.

(40)   Termination of Via Lugano Condominium Association LLC is to cancel condominium membership.

(41)   Termination of Via Lugano Condominium Association LLC required Northland Lugano LLC return reserved fund to the Via Lugano Condominium members per percentage of membership.

(42)   Termination of Via Lugano Condominium Association LLC required Northland Lugano LLC return Via Lugano Condominium membership surplus membership fee to the Via Lugano Condominium member.

(43)   Termination of Via Lugano Condominium Association LLC required North-
land Lugano LLC buy the common area and pay to the Via Lugano Condomin-
ium members per percentage of membership.

(44)   I did not receive payment for our share of Via Lugano Condominium Associa-
tion Inc reserve fund.

(45)   I did not receive payment for our surplus in Via Lugano Condominium Asso-
ciation Inc monthly assessment.

(46)   I did not receive payment for Via Lugano Condominium Association Inc buy
out of common area property.

(47)   On or about 11/26/2018 VLTT LLC file in Sunbiz.org as a legal entity with
the only member "VLTT Member LLC."

(48)   VLTT Member LLC does not exist in Sunbiz.org.  Therefore, VLTT LLC is not
a legal entity in Sunbiz.org.

(49)   On or about 09/29/2021 Reinstatement was filed for VLTT LLC with added
directors but still with unregistered VLTT Member LLC.

(50)   On or about 07/20/2020 Northland Lugano LLC took out Fannie Mae consoli-
dated, Amended and Restated Multifamily Security Instrument Florida (Via Lu-
gano) mortgage on 364 units.

(51)   Northland Lugano LLC claim that Northland Lugano LLC owns all 364 units
without purchase all the units.

(52)   Northland Lugano LLC mortgage CFN 20200254580 or BK 31584 PG 966: the financing is $19,343,322.51 and MTG DOC $67,701.90 in addition to their original note from $40,656,677.49 to $60,000,000.00.

(53)   Northland Lugano LLC misrepresented to Fannie Mae in Consolidated, Amended and Restated Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture filing (Florida) that Northland Lugano LLC has legal right to take out mortgage on top of Wing Ho's mortgage on his unit.

(54)   I am still paying off my mortgage on the subject property on time every month.

(55)   On or about 5/16/2019 VLTT LLC which is not a legal entity filed Trustee's Deed in the Palm Beach County public record by using eRecording so the Palm Beach County Clerk of the Court is not able to question the recording to this beyond-the-reasonable-doubt-fraudulent deed.   CFN 20190176815 or BK 30614 PG 1251.

(56)   The fraudulent transfer of Deed state that:

> TRUSTEE'S DEED:  THIS TRUSTEE'S DEED, is made of executed is of the 15th day of May, 2019, by VLTT LLC, a Florida limited liability company, in its capacity as Termination Trustee (the "Termination Trustee") under that certain Plan of Termination of Via Lugano, A Condominium, recorded on December 10, 2018 in Official Records Book 30296, Page 546, of the Public Records of Palm Beach County, Florida, whose mailing address is 2150 Washinton Street, Newton, Massachusetts 02462 (hereinafter referred to as the "Grantor") to NORTHLAND LUGANO LLC, a Delaware limited liability company, whose mailing address is 2150 Washington Street, Newton, Massachusetts 02462 (hereinafter referred to as the "Grantee");

(57)    Every 364 of Via Lugano Condominium homeowners' records from the Palm
        Beach County Property Appraisal web site were all wiped out subsequently as
        though Via Lugano Condominium had never existed and replaced with 1400 Via
        Lugano Circle, Boynton Beach, Florida 33436.

(58)    The 2006 to 2019 Via Lugano Condominium certified tax records were erased
        from the Palm Beach County public records website.

<u>Northland Broke In My Property</u>

(59)    On or about June 6. 2019 I find out that 100 Via Lugano Circle Unit 203,
        Boynton Beach, Florida 33436 and 100 Via Lugano Circle garage C, Boynton
        Beach, Floria 33436 locks was broken into and changed to new locks.

(60)    I called the City of Boynton Beach Police to report trespassing and break-in
        entry into my property.

(61)    The City of Boynton Beach police officer Acosta and his partner arrived at the
        location.

(62)    I reported the situation to the police officer.

(63)    The Police officer went to the leasing office to talk to the people in the office.

(64)    The officers told the people in the leasing office that changing the lock is not
        legal and persuaded them to provide me with the key to take back possession of
        my property and my possession.

(65)    Before the officers left, they provided me with a card with <u>CAD # 1904977</u>.

(66)    When the City of Boynton Beach Police show up and at that time the Palm
        Beach County property appraisal web site was still showing 100 Via Lugano

Circle unit 203, Boynton Beach, Florida 33436 the owner are Wing Ho and Karen Ho.

(67)   I provided the officers a copy of my then current mortgage statements showing the mortgage payment for 100 Via Lugano Circle unit 203, Boynton Beach, Florida 33436.

(68)   I provided the officers my then current electric bills from Florida Power and Light.

(69)   I provided the officers my then current Palm Beach County tax records payment.

(70)   Northland Lugano LLC staff opened the door to my property and garage C.

(71)   I entered my real estate property.

(72)   I took back my possession of my real estate property by changing the locks to the properties.

(73)   I filed criminal complaint that I want to prosecute Northland Lugano LLC had for entering my unit illegally. At that time my possession still inside the unit and in the garage.

(74)   I lost my sense of security in my properties.

Northland Use Court Proceeding To Evict Us From Our Property

(75)   Then on or about June 27, 2019 Northland Lugano LLC through their attorney and law firm filed civil complaint against me and Karen Ho for Count I Ejectment, Count II Eviction and Count III Trespassing under the case number

50-2019-CA-008355-MB and the case style: Northland Lugano LLC vs. Ho, Wing et. al.

(76)   On or about July 29, 2019 Northland Lugano LLC through their attorney filed numerous motions for default against me and Karen Ho even though we are the owner of the real estate property. A simple title search would show that Karen Ho and I did not sell our real estate property to Northland Lugano LLC or to their other named entities.

(77)   On or about June 29, 2019 Northland Lugano LLC through their attorney misrepresentation to the 15th Judicial Circuit Court for Palm Beach County in the complaint that claimed they are the owner of the property at 100 Via Lugano Circle Unit 203, Boynton Beach, FL 33436, and 100 Via Lugano Circle garage "C"

(78)   Northland Lugano LLC used their other ownership entity to avoid paying the homeowners' original purchase price as required by the Florida Law.

(79)   Northland Lugano LLC through their law firm had misrepresented to the 15th Judicial Circuit Court of Florida that Karen and I were occupying our own real estate property illegally because of their illegal filing of fraudulent transfer of property title because of membership termination and not because of purchase of our property.

(80)   Northland attached evidence in the complaint admitting that Northland Lugano LLC DID NOT OWN 100 Via Lugano Circle, Unit 203, Boynton Beach, Florida 33436. In "Exhibit B" in the complaint, CFN 20180461579 BOOK 30296

PAGE 559 (14 OF 27), states that Northland Lugano LLC did not own 17 real es-

tate properties, including ours, as of November 28, 2018. (Exhibit K: "Exhibit B"

in Northland v. Ho complaint)

The attachment and evidence states:

> "Schedule of Units Owned by Northland Lugano LLC
>
> ALL OF VIA LUGANO, a Condominium, together with an undi-
> vided interest in the common elements, according to the Declara-
> tion of condominium thereof, as recorded in Official Records Book
> 20951, at Page 696, as amended from time to time, of the Public
> Records of Palm Beach County, Floria, LESS AND EXCEPT the
> following Units thereof:
>
> ...
>
> 12. UNIT 203, BLDG 1;"

A list of properties acquired by Northland and other entities they are behind

was also shown in "Exhibit B" in the complaint under paragraph (d) on CFN

20180461579 BOOK 30296 PAGE 561 (16 OF 27).  The list (id, PAGE 16-25) did

not show my property at 100 Via Lugano Circle Unit 203, Boynton Beach, Floria

33436 and legal description as UNIT 203 BLDG 1, is sold to Northland Lugano

LLC.

> (d) The units acquired by the Bulk Owner, the date each unit was
> acquired, and the total amount of compensation paid to each prior
> unit owner by the Bulk Owner, regardless of whether attributed to
> the purchase price of the unit

(81)   On or about July 22, 2019, I filed motion to dismiss Northland Lugano LLC's complaint. I stated that I own the property at 100 Via Lugano Circle, Unit 203, Boynton Beach, FL  33436 since 2006.

(82)   Honorable Judge Janis Keyzer knew that I own the property at 100 Via Lugano Circle unit 203, Boynton Beach, FL 33436 and 100 Via Lugano Circle garage C because I have provided pleading and evidence of my mortgage, tax collector statement, and electric bill on the property.

(83)   Judge Janis Keyzer would not dismiss the case as sham pleading and would not refer the instigating attorney to the Florida Bar as required by Florida Bar rules.

(84)   I respectfully told the Court that there are some things in the law that are open to debate and reasonable disagreements and others that are not. I state that this case is not open for debate and reasonable disagreement because Northland Lugano LLC admit in the evidences attached to their complaint that Northland Lugano LLC did not own 100 Via Lugano Circle Unit 203, Boynton Beach, FL  33436 and garage C.

(85)   This is an example of wasting tax payer dollar for allowing predators continue their prey on the victim stealing real estate property by using the court proceeding.

(86)   The 15th Judicial Circuit Court should have referred this case to the Florida Department of Law Enforcement and Florida Bar as soon as the sham complaint was filed on June 27, 2019.

(87)   On or about September 13, 2019 Northland Lugano LLC through their law firm using their fraudulent deed motioned for Judicial Notice. The filing includes the true deed for my unit 100 Via Lugano Circle Unit 203, Boynton Beach, FL 33436 and my garage C showing my ownership to the property.

(88)   I have provided all the relevant documents in my possession to satisfy Northland's "request to produce." Northland through its attorney said to the 15th Judicial Circuit Court of Palm Beach County that the documents were not sufficient. Northland did not specify what was not sufficient upon my repeated request to clarify. Yet, Northland pushed for a default judgment and Judge Keyser rule that I am in default 7/30/2021 and refuse to allow the trial to go on for Northland to prove their claims.

(89)   Therefore, the case was never adjudicated and the default absolutely goes against what our judicial system is set up to let both sides have a fair chance to be heard in court.

(90)   On or about July 7, 2021, Wing Ho filed a removal to Federal court lower-case number 21-81190CV to seek an equitable venue to stop the illegal ejectment and eviction.

(91)   Northland Lugano LLC argued that the Federal Court did not have jurisdiction to remove Northland's action for ejectment, eviction and trespassing. The case was remanded back to the 15th Judicial Circuit Court.

(92)   On or about August 12, 2021, Plaintiff file appeal to the Federal Appeal court case number 21-12773. The United States Court of Appeals for the Eleventh

Circuit court Order: "Wing Ho and Karen Ho's motion for reconsideration of our order dismissing this appeal for lack of jurisdiction, which they filed on October 19, 2021, was DENIED.

(93)   On or about September 9, 2021 A senior judge Richard L. Oftedal in the 15th Judicial Circuit Court, who had never heard the case or review evidences signed judgment granted Northland Lugano LLC ejectment, eviction.

(94)   On or about September 9, 2021 Judge Richard L. Oftedal signed the court order which is not based on Florida Rules of the Court or Florida Statutes or U.S. Constitution or Florida Constitution on the property rights. The Final Judgement Book 32874 PAGE 1636-1638 "R. Oftedal DTD 9/9/2021 of possession as to Count I and Count II of the complaint – Granted. Clerk ordered to issue forthwith a writ of possession in favor of PLTF and against DEFT Wing Ho, Karen Ho and Unknown persons in possession n/k/a Richard Curro and Olivia Bos to the Sheriffs of the State of FL commanding the sheriff of PBC, FL to place PLTF in possession of the following premises: ** SEE FINAL JUDGMENT**.

(95)   On or about October 12, 2021 I told Palm Beach County Sheriff's office and showed proof that I am the real owner for 100 Via Lugano Circle Unit 203, Boynton Beach, Florida 33436 and Garage "C". I showed the most current monthly mortgage statement that show my property address and real estate tax statement and my electric bill from Florida Power and Light. The Palm Beach County Sheriff said to me that they must follow court order.

(96)   I was evicted from my own real estate property which I am still paying mortgage on.

(97)   After eviction and writ of possession, Northland Lugano LLC changed the locks in 100 Via Lugano Circle Unit 203 and 100 Via Lugano Circle garage C and shut off my main gate access to my property.

(98)   My personal things that I had stored inside the garage C was all gone.

(99)   I had newly purchased and installed AC unit and hot water heater and washer and dryer.

(100)   Northland Lugano LLC stole my real estate property and properties by using fraudulent public record filing and using court proceedings.

(101)   We filed an appeal on 10/28/2021 to Fourth District Court of Appeal of The State of Florida on Judge Oftedal's non-final order, and demand for Northland to return my property.

(102)   On or about August 19, 2022, Fourth District Court of Appeal of The State of Florida confirmed Judge Oftedal's judgment of a non-final order without written opinion.

(103)   On or about September 16, 2022 Northland Lugano LLC through their law firm "Motion Plaintiff's Amended Motion for attorneys' fees and costs"

### My Demands For This Complaint

(104)   Northland Lugano LLC refused to reconvey my real estate property back to me.

(105)   Northland Lugano LLC refused to pay me rental income from their illegally obtain rental income for 100 Via Lugano Circle Unit 203, Boynton Beach, FL 33436 and 100 Via Lugano Circle garage C.

(106)   Northland Lugano LLC had cause undue stress upon me.

(107)   Northland Lugano LLC has every opportunity to return my real estate property back to me and pay me for damages.  Instead, Northland Lugano LLC refused to reconvey property back to me.  Northland Lugano LLC rent out our own units for more than $1,800 per month and garage for $200 per month.  I believed that my fully upgraded unit is illegally rented out for more than $2,000 per month and my garage C is illegally rented out for more than $200 per month for Northland Lugano LLC's benefit.  I did not receive any compensation for my unit and garage C.  Pursuant to §772.11, Florida Statutes on Civil Theft, I am entitled to triple damage.  Which means I am entitled to $6,600 per month in restitution for each the 34 months as of August 2024, and counting, Northland illegally took my property.  My 100 Via Lugano Circle Unit 203, Boynton Beach, FL 33436 had cost me approximately $600,000 throughout the years of ownership.  The Civil theft entitled triple damage of $1,800,000 in restitution.  I have been put on unnecessary stress which harm my physical health because of Northland Lugano LLC's refusal to return my real estate property back to me, the legal title owner of 100 Via Lugano Circle Unit 203, Boynton Beach, FL  33436 and 100 Via Lugano Circle Garage C.  I make a claim against Northland Lugano LLC for triple the damage in the amount of $2,024,400 ($1,800,000 for the property and

$224,400 for rental income) plus interest sustained by unlawful taking and deprivation. The awarded of monetary damage can be offset by the return of my property. The following table is an itemized list of the approximate damages:

| | |
|---|---|
| Wing Ho and Karen Ho purchased in December 2006 | $ 209,000.00 |
| Closing cost | $ 21,000.00 |
| Condo fees $260 x 17.5yrs x 12 months | $ 54,600.00 |
| Condo reserve 3 months | $ 780.00 |
| Mortgage payments $900 x 20.5yrs x 12 months (on going) | $ 221,400.00 |
| Real estate tax $2,500 x 17.5yrs | $ 43,750.00 |
| Common area share of equity | $ 25,000.00 |
| Install new AC | $ 4,575.00 |
| Install new washer and dryer | $ 2,750.00 |
| Install new water heater | $ 1,000.00 |
| Content inside condo and garage | $ 10,000.00 |
| Loss of rental income $2,000 x 34 months (on going) | $ 68,000.00 |
| Loss of garage rental income $200 x 34 months (on going) | $ 6,800.00 |
| Court filing fees 4DCA | $ 400.00 |
| Court filing fees Federal | $ 405.00 |
| Court filing fees Federal Appeal | $ 500.00 |
| Making copies of document for filing | $ 5,000.00 |
| TOTAL DAMAGES | $ 674,960.00 |

## COUNT I : CONVERSION

(108)  Plaintiff realleges and re-avers each and every allegation set forth in the foregoing paragraphs (1) through (107), as though fully set forth herein.

(109)  Plaintiff is the rightful owner of the property at 100 Via Lugano Circle unit 203, Boynton Beach, FL  33436, Palm Beach County.  Legal description: Via Lugano, A Condominium, BLD 1, UNIT 203

(110)  Plaintiff is the rightful owner of 100 Via Lugano Circle garage C Boynton Beach FL  33436, Palm Beach County.

(111)  On or about October 12, 2021, Defendant wrongfully took possession of Plaintiff's property by filing a fraudulent transfer of title without authority, and evict the Plaintiff from his own property.

(112)  Plaintiff did not consent to Defendant's taking and/or retaining of the property.

(113)  Despite Plaintiff's demands, Defendant has refused to return the property to Plaintiff.

(114)  As a result of Defendant's actions, Plaintiff has suffered damages, including but not limited to loss of property, loss of income generated by the property, loss of use of the property, emotional distress, and time and cost to defend Defendant's sham lawsuit and time and cost for this action to recover my loss.

## COUNT II CIVIL THEFT

(115)  Plaintiff realleges and re-avers each and every allegation set forth in the foregoing paragraphs (1) through (107), as though fully set forth herein.

(116)  Defendant, with the intent to permanently deprive Plaintiff of the property, wrongfully took and retained Plaintiff's property without authorization or consent.

(117)  Plaintiff did not consent to Defendant's taking and/or retaining of the property.

(118)  Despite Plaintiff's demands, Defendant has refused to return the property to Plaintiff.

(119)  Defendant's actions constitute civil theft in violation of §772.11, Florida Statutes.

(120)  As a direct and proximate result of Defendant's civil theft, Plaintiff has suffered damages in the amount of $674,960, plus interest, attorney's fees, and costs.

## PLAINTIFF DEMAND FOR JURY TRIAL.

(121)  I demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Awarding Plaintiff treble damages in an amount to be determined at trial, including but not limited to compensatory damages, punitive damages, and statutory damages as provided by law.

B. Awarding Plaintiff pre- and post-judgment interest, attorney's fees, and costs;

C. Ordering Defendant to return the property wrongfully taken;

D. Ordering Defendant to return actual and expected rental income of the property plus interest during Defendant's illegal possession of the property.

E. Granting such other and further relief as this Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date:  9/9/2024

Wing Kei Ho, Pro Se, Plaintiff

## VERIFICATION

1. My name is Wing Kei Ho.  I am over the age of 60.  I am an Asian-Chinese-American.  I am an United States Citizen.

2. Under penalties of perjury, I declare that I have read the foregoing, and the

facts alleged are true, to the best of my knowledge and belief.

DATE: 9/9/2024

WING K. HO, Plaintiff, Pro Se
9174 Chianti Court
Boynton Beach, FL 33472
(561)229-6877
WH561@YAHOO.COM

STATE OF FLORIDA
COUNTY OF PALM BEACH
Sworn to and subscribed before me the _____ day of September 2024, by Wing
Kei Ho, who ☐ is personally known to me, or ☒ has produced identification and who
did take an oath.

_____                    _____
Notary Public                                                    Date

My commission expires: _____

STEVEN SCOTT GREBINAR
Notary Public · State of Florida
Commission # HH 128993
My Comm. Expires Jul 26, 2025
Bonded through National Notary Assn.

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO:_____

| | |
|---|---|
| WING KEI HO, | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff | ) ☐ Evidentiary |
| | ) |
| vs. | ) ☐ Trial |
| | ) |
| NORTHLAND LUGANO LLC, | ) ☒ Other-<u>Complaint</u> |
| | ) |
| Defendant. | ) |
| | ) |

## EXHIBIT LIST

| Exhibit | Date Identified | Date Admitted | Sponsoring Witness | Description |
|---|---|---|---|---|
| A | 9/9/2024 | | | Tarragon Lugano LLC & Northland Lugano LLC in Sunbiz.org |
| B | 9/9/2024 | | | Copy of Palm Beach County public records to show that Wing Ho & Karen Ho are the owners |
| C | 9/9/2024 | | | Declaration of Via Lugano Condominium to show fee simple interest purchase |
| D | 9/9/2024 | | | Wing Ho and Karen Ho 100 Via Lugano Cir., Unit 203 title deed |
| E | 9/9/2024 | | | Wing Ho and Karen Ho mortgage on property |

| Exhibit | Date Identified | Date Admitted | Sponsoring Witness | Description |
|---|---|---|---|---|
| F | 9/9/2024 | | | Wing Ho and Karen Ho 100 Via Lugano Cir., Unit 203 chain of property title |
| G | 9/9/2024 | | | Copy of statement about threat, intimidation and harassment from Gibilisco v. Northland lawsuit |
| H | 9/9/2024 | | | DBPR licenses for Karen |
| I | 9/9/2024 | | | Copy of condo document to show 100% approval requirement |
| J | 9/9/2024 | | | Thompson and Blair affidavits on termination withdrawal |
| K | 9/9/2024 | | | "Exhibit B" in Northland v. Ho complaint case no. 50-2019-CA-008355-MB |