UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-81093-CIV-CANNON

**WING KEI HO**,

    Plaintiff,

v.

**NORTHLAND LUGANO LLC**,

    Defendant.
_____/

**ORDER SCREENING COMPLAINT, DISMISSING CASE,
AND DIRECTING CLERK MAILING**

**THIS CAUSE** comes before the Court upon a sua sponte review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

**LEGAL STANDARD**

In accordance with the screening procedure in 28 U.S.C. § 1915, the Court must dismiss a case if the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A court may dismiss a complaint that fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed. *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). However, liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## DISCUSSION

Plaintiff brings a Complaint against one defendant, Northland Lugano LLC [ECF No. 1]. Plaintiff is seeking $674,960 in damages for Defendant's alleged "Conversion" and "Civil Theft" [ECF No. 1 pp. 19–21]. Notwithstanding the leniency afforded to *pro se* litigants, this deferential standard does not permit the filing of impermissible "shotgun" pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. That is the case here, where Plaintiff's Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. There are paragraphs in Plaintiff's Complaint that contain unrelated or incoherent statements; the Complaint otherwise offers only conclusory allegations that Defendant committed civil torts; and the Complaint, overall, lacks an understandable factual basis from which to comprehend the genesis of Plaintiff's claims or how they might interact with alleged violations of law. Moreover, it appears that a state court already has ruled in favor of the Defendant in a prior related ejectment action [ECF No. 1 pp. 11–17]. To the extent Plaintiff seeks review of a previously entered state court judgment, Plaintiff is advised that the Court generally lacks jurisdiction over claims in which a plaintiff seeks relief in federal court from an injury caused by a state court judgment. *Rooker v. Fid. Tr. Co.*, 263

CASE NO. 24-81093-CIV-CANNON

U.S. 413 (1923).

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint against Defendant [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. **Plaintiff will have one final opportunity to plead his claim(s), but any such claims shall be filed by October 11, 2024, in an Amended Complaint that complies with this Order**.

3. Any amended complaint must clearly set forth the allegations supporting each claim for relief; separate each cause of action or claim for relief into a different count; clearly identify the legal basis underlying each count asserted; and avoid using conclusory, vague, and immaterial facts.

4. Any Amended Complaint that fails to comply with these requirements will be dismissed without further notice.

5. **The Clerk is directed to MAIL a copy of this Order to pro se Plaintiff at the address listed below and file a Notice of Compliance on the docket**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of September 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: Wing Kei Ho
9174 Chianti Court
Boynton Beach, Florida 33472
PRO SE

3